CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Chris Carson, Esq. SBN 280048
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **James Zarian,,**<br><br>    Plaintiff,<br><br>v.<br><br>**Steven Legere,** in individual and representative capacity as trustee;<br>**Kim Legere,** in individual and representative capacity as trustee;<br>**Raul Valle**; and Does 1-10,<br><br>    Defendants. | **Case: 8:17-CV-02245-JLS-PLA**<br><br>**Plaintiff's Opposition to the Application for Stay and Early Mediation** |

Defendants Steven Legere, Kim Legere, and Raul Valle have filed an application for stay and early mediation. Plaintiff opposes the defense request for stay and early mediation. While the plaintiff is in favor of early settlement, this process is likely to be ineffective.

The defendants have filed this motion without setting it for a hearing date. The defendants have also failed to meet and confer as required under Local Rule 7-3 or to provide the certification of meeting of counsel. Had the

defendants met and conferred, plaintiff's counsel would have explained the need to conduct an expert site inspection.

The primary problem is that without an expert site inspection, there will be no serious and comprehensive analysis concerning the required remedial relief. While the Plaintiff encountered a discrete number of barriers, he intends to leave the lawsuit with *all* the unlawful barriers being removed. Plaintiff has put the defense on notice of this in his complaint:

> Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

Complaint, § 29. The Ninth Circuit has explained that a plaintiff is not limited to challenging only the barriers which he personally encountered but all barriers that affect his type of disability. Otherwise, there would be rounds of piecemeal litigation:

> Indeed, the enforcement scheme of Title III of the ADA would be severely undermined if we were to adopt the piecemeal approach to standing advocated by 7-Eleven. The statute provides that where an individual, like Doran, has suffered discrimination in the form of a refusal to remove architectural barriers, he may seek injunctive relief including "an order to alter facilities to make such facilities readily accessible ... and usable." 42 U.S.C. § 12188(a)(2). Such injunctive relief could not be crafted, however, if the parties had not been allowed to determine through discovery precisely what barriers prevented the facility in question from being "readily accessible to and usable by" Doran. We therefore hold that where a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim.

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043-44 (9th Cir. 2008). Thus, the plaintiff not only has standing to seek remedial relief for all existing barriers but good reason for doing so. He acts appropriately in seeking an expert assessment of the property and demanding a comprehensive plan for dealing with those barriers.

Granted, the parties may be able to reach a settlement agreement that requires the defense to use the services of a trusted Certified Access Specialist to assess the facilities and identify barriers and to bind themselves to remove all such barriers over a certain time period, but plaintiff's counsel's experience is that most defendants do not want to enter into binding agreements or consent decrees to undertake unknown work.

For these reasons, the plaintiff opposes the Application for Stay and Early Mediation. The plaintiff should be able to conduct an expert site inspection, amend the complaint to address all barriers and then be in a position to discuss settlement.

Dated: February 12, 2018                     CENTER FOR DISABILITY ACCESS


By: /s/ Chris Carson
       CHRIS CARSON
       Attorneys for Plaintiff