Ara Sahelian, Esq. [SBN 169257]
SAHELIAN LAW OFFICES
23046 Av. De La Carlota, Ste. 600
Laguna Hills, CA  92653
949. 859.9200
Fax 949.  954. 8333
Sahelianlaw@me.com

Attorneys for Steven Legere, Kim Legere, and Raul Valle

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (Southern Division - Santa Ana)

| | |
|---|---|
| James Zarian<br><br>Plaintiff<br><br>vs.<br><br>Steven Legere; Kim Legere; Raul Valle;<br><br>Defendants | CASE NO.: 8:17-cv-02245-JLS-PLA<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO THE APPLICATION TO STAY AND FOR EARLY MEDIATION |

## REPLY TO PLAINTIFF'S OPPOSITION TO THE APPLICATION TO STAY AND FOR EARLY MEDIATION

Defendants Steven Legere, Kim Legere, and Raul Valle, by and through their counsel of record, Ara Sahelian, Esq., hereby submit the following Reply to the Opposition of Plaintiff to Defendants' Application to Stay and for Early Mediation. This brief follows an in person conversation with Mr. Ballister, representing Plaintiff, yesterday at the District Court, and by telephone today. Mr. Ballister is lead counsel and founder of the Center for Disability Access.

In opposition to Defendants' motion for a stay, Plaintiff asserts, "while the plaintiff is in favor of early mediation, this process is likely to be ineffective." It is unclear how Plaintiff could make such an assertion in light of the facts surrounding the prior interactions of plaintiff's counsel and defense counsel in other cases. Just yesterday, Plaintiff's counsel, Mr. Ballister, settled a similar case within an hour and a half at a Mediation held at the US. District Court. Mr. Ballister's firm files approximately 400 ADA related cases annually. In fact, prior to the settlement reached yesterday in another case, three additional cases involving the same firms on both sides settled in succession before Ms. Gail Killefer, Esq., the designated mediator at the US. District Court, Central District. In each of the following cases, settlement was had within two hours:

Matter: Arroyo, Jr. v. Abdelmesseh Sr. , Case Number: 2:17-cv-07490-AB-AS, UNITED STATES DISTRICT COURT, CENTRAL

DISTRICT OF CALIFORNIA, the Honorable Andre Birotte Jr.

Matter: Langer v. Arakelian; Arakelian; La Original Panaderia El Salvador Inc., Case Number: 2:17-cv-06409-ODW-GJS, UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, the Honorable Otis D. Wright, II.

Matter: Langer v. Grand Park Inn, Inc. , Case Number: 2:17-cv-05635-PA-E, UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, the Honorable Percy Anderson.

Matter: Williams v. Breslow, Quality Men's Wear, Inc. , Case Number: 2:17-CV-06323-SJO-JEM, UNITED STATES DISTRICT, COURT CENTRAL DISTRICT, the Honorable S. James Otero.

Plaintiff states "the primary problem is that without an expert site inspection, there will be no serious and comprehensive analysis concerning the required remedial relief." This statement is mystifying. In none of the foregoing five cases was this issue ever an impediment to settlement. It was never brought to this counsel's attention by the mediator, nor anyone else.

Plaintiff's final argument is that he should have the opportunity to inspect the property before mediation. Generally mediation is set with at least 30 days' notice, and during that time a party is perfectly capable of conducting site inspections. Moreover, Defendants are perfectly content in allowing Plaintiff to inspect the property on a date and time of their choosing between now and the commencement of mediation. Interestingly, no request for an inspection has ever been made in any of the previous cases noted above.

The early mediation and stay process, vis-à-vis business and property

owners who are the targets of ADA lawsuits, works to (a) bring some sanity to the demands made by plaintiffs, and (b) eliminate unnecessary attorney fees.  Defendants' counsel currently represents approximately 15 defendants in ADA lawsuits brought in the District Court, and the process has served its purpose in promoting settlement. Plaintiffs typically demand between $14,500 and $19,000 to settle at the onset of litigation ($4,000 for statutory damages, an additional $4,000 for purported deterrence, and the balance in attorney fees). Fearing the imposition of exorbitant attorney fees, unrepresented defendants are often intimidated into agreeing to pay excessive amounts and agreeing to unreasonable remediation terms, even when such remediation is not readily achievable by virtue of the site's design.

The early mediation and stay process has made it possible for the parties to engage in a dialog, and to educate themselves regarding the guidelines and regulations before attorneys fees and costs mount; to address alleged violations of such guidelines and regulations without fearing retribution by way of the unilateral attorney fees imposed by California Civil Code section 51, et seq.  Given the surrounding facts and the purpose behind the stay and early mediation process, Defendants are reasonably concerned about the intent underlying the Plaintiff's opposition.

\\

\\

\\

For each of these reasons, Defendants respectfully urge the court to overrule the objections raised by Plaintiff.

Dated: February 15, 2018

_____

Ara Sahelian, counsel for Defendants Steven Legere, Kim Legere, and Raul Valle.