DocuSign Envelope ID: 028F80F4-29EA-46B8-BDEF-ADB09ABAB11E

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Isabel Rose Masanque, Esq., SBN 292673
Sara Gunderson, Esq., SBN 302582
Chris Carson, Esq., SBN 280048
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
IsabelM@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **James Zarian**,<br><br>   Plaintiff,<br><br>   v.<br><br>**Steven Legere,** in individual and representative capacity as trustee;<br>**Kim Legere,** in individual and representative capacity as trustee;<br>**Raul Valle**; and Does 1-10,<br><br>   Defendants. | **Case:** 8:17-CV-02245-JLS-PLA<br><br>**Declaration of Paul Bishop in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment** |

1. I, the undersigned, am an architect hired by the Center for Disability Access to conduct an investigation and render an opinion regarding the architectural barriers and required fixes in this case. Based upon my own experience and knowledge, I can competently testify to the following.

2. I have more than 40 years of experience in the architectural

1

Decl. of Bishop, Ex. No. 1                    Case: 8:17-CV-02245-JLS-PLA

profession. I have been involved in numerous projects including new construction, reconstruction, remodeling and rehabilitation.

3. I have significant experience in the area of Americans with Disabilities Act compliance on such projects as facility surveys of 165 sites for the City of San Diego and preparation of a draft Transition Plan, facility surveys of and preparation of a Transition Plan for the City of El Cajon and the City of Dana Point, and a campus-wide survey for the University of California, San Diego and California State University, Sacramento and Northridge campus.

4. I have provided accessibility consulting services for numerous architects, engineers, developers and contractors on difficult design problems. I have also provided consulting services for the Division of the State Architect for nine years, primarily in the area of document review. Additionally, I have provided expert witness services for hundreds of ADA-related lawsuits, for both plaintiffs and defendants. I have been found qualified as an expert and given trial testimony in a number of cases. I have taught several classes on the ADA as well as Building Codes and Construction. I am certified by the State of California as a Certified Access Specialist (CASp No. 044), demonstrating proficiency in the requirements of ANSI A117.1, the Americans with Disabilities Act and Title 24 of the California Code of Regulations.

5. I was given the assignment of inspecting portions of the facility known as the Raul's Auto Service located at or about 217 Avocado Street, Costa Mesa, California.

6. Prior to my inspection, I reviewed the complaint dated December 12, 2017, as well as the investigator's field notes and photographs dated November 16, 2017 and June 15, 2018.

7. On June 19, 2019, I inspected the interior and exterior of the Raul's Auto Service.

8. I observed that there were vehicles parked at the North end of the building and other vehicles along the East side of the property.

9. I measured the width of the property between the East face of the building and the concrete block wall on the Eastern side of the property to be 20' -4".

10. There were lightly painted lines appearing to indicate parking spaces along the East side of this area; the line running North/South were 7'-2" from the block wall.

11. I did not observe any painted red lines on the pavement or any other indication that the paved area was a fire lane. Since the paved area was only 20'-4" wide, it was not of sufficient width to provide a van accessible parking space and access aisle, but it can provide non-accessible parking for customer vehicles.

12. During my site inspection, there was no sign indicating the North end (front) of the property was reserved for customer parking. However, I observed the sign in one of the investigator's photos from the November 16, 2017 field investigation.

13. The 2010 Standards require a van accessible parking space to be 11 feet wide with a 5-foot wide access aisle. Alternatively, the parking space may be 8 feet wide with an 8-foot wide access aisle. I measured the area on the North end of the property and found that there is enough space there to install a van accessible parking space meeting either of the configurations.

14. I observed two customer transaction counters inside the office.

15. I measured both the transaction counters. The South counter was 44" high and the North counter measured 34" high.

16. The lower counter was at the compliant height, however, it did not provide a 36" long clear usable space because objects like computer monitor and printer were placed on top.

17. I took all of my measurements with a measuring tape.

18. Following my inspection, I outlined my findings and opinions in a report dated July 17, 2019. Attached as Exhibit "8" hereto is a true and correct copy of that report.

19. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: January 3, 2020       By: _____
                                     Paul Bishop