UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-02245-JLS-PLA                    Date:  January 23, 2020
Title: James Zarian v. Steven Legere et al.

Present:  **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
          Not Present                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docs. 38, 39)**

Before the Court are cross Motions for Summary Judgment, one filed by Plaintiff James Zarian (Pl.'s MSJ, Doc. 38-1) and the other filed by Defendants Steven Legere, Kim Legere, and Raul Valle (Defs.' MSJ, Doc. 39-1).  Both are currently set for hearing on January 24, 2020 at 10:30 a.m.  The parties opposed each other's Motions (Opp'n to Pl.'s MSJ, Doc. 48[1]; Opp'n to Defs.' MSJ, Doc. 45) and filed Replies (Reply ISO Pl.'s MSJ, Doc. 49; Reply ISO Defs.' MSJ, Doc. 50).  Since the Motions were filed, the Court has declined to exercise supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act ("Unruh Act") claim and dismissed that claim without prejudice.  (*See* Order Declining Suppl. Jurisdiction, Doc. 42.)  Accordingly, the Court rules on the instant Motions only as to Plaintiff's Americans with Disabilities Act ("ADA") claim.

For the following reasons, the Court DENIES Plaintiff's Motion and GRANTS Defendants' Motion.[2]

---

[1] Defendants did not timely file their memorandum of points and authorities in opposition to Plaintiff's Motion for Summary Judgment (*see* Doc. 48), though they did timely file the supporting declarations and exhibits to their Opposition (*see* Doc. 47).

[2] The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearings set for January 24, 2020 at 10:30 a.m. are VACATED.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-02245-JLS-PLA                    Date:  January 23, 2020
Title: James Zarian v. Steven Legere et al.

## I.  DISCUSSION:  STANDING[3]

To have Article III standing, a plaintiff must "have (1) suffered an injury in fact,
(2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely
to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540,
1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); then citing
*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000)).
In order to establish an injury in fact, a plaintiff must show that she suffered "'an
invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or
imminent, not conjectural or hypothetical.'"  *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan*,
504 U.S. at 560).

"The party invoking federal jurisdiction bears the burden of establishing these
elements" and "each element must be supported in the same way as any other matter on
which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence
required at the successive stages of the litigation."  *Lujan*, 504 U.S. at 561.  "At the
pleading stage, general factual allegations of injury resulting from the defendant's
conduct may suffice[.]"  *Id.*  "In response to a summary judgment motion, however, the
plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or
other evidence specific facts, which for purposes of the summary judgment motion will
be taken to be true."  *Id.* (internal quotation marks omitted).

Here, Plaintiff failed to set forth evidence sufficient to support standing because he
filed only an unsigned declaration regarding the crucial facts that would support standing.
(*See* Doc. 38-5 at 3.)  An unsigned declaration is of no effect; it is certainly not evidence.
Consequently, Plaintiff has not discharged his burden of establishing that he has suffered
an injury in fact and/or that he is faced with an imminent threat of injury.  *See Lujan*, 504
U.S. at 561.  Thus, on this record, Plaintiff does not have standing.

_____

[3] "[W]hen simultaneous cross-motions for summary judgment on the same claim are
before the court, the court must consider the appropriate evidentiary material identified and
submitted in support of both motions, and in opposition to both motions, before ruling on each of
them."  *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th
Cir. 2001).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-02245-JLS-PLA                    Date:  January 23, 2020

Title: James Zarian v. Steven Legere et al.

      Accordingly, Plaintiff's Motion for Summary Judgment is DENIED, and Defendants' Motion for Summary Judgment is GRANTED.  Defendants are ORDERED to prepare and file forthwith a proposed judgment in accordance with this Order and the Local Rules.


Initials of Preparer:  tg