**DENIED**
BY ORDER OF THE COURT

> Defendants *again* fail to submit a proper proposed judgment. This filing, too, resembles a proposed order on a motion for summary judgment, except that, this time, Defendants copied language from the Court's order on the parties' cross-motions for summary judgment. Defendants are expected to understand how to prepare a proposed judgment pursuant to Federal Rule of Civil Procedure 58. Additionally, the Court VACATES the February 28, 2020 Final Pretrial Conference.
> Date: 02/19/2020      Judge Josephine L. Staton

**CENTRAL DISTRICT OF CALIFORNIA**
**(Southern Division - Santa Ana)**

James Zarian Plaintiff

vs.

Steven Legere; Kim Legere;

Raul Valle;

CASE NO.: 8:17-cv-02245-JLS-PLA

THE HONORABLE JOSEPHINE L. STATON

**[PROPOSED] JUDGMENT ON MOTION FOR SUMMARY JUDGMENT**

Hearing Date: 1/24/2020

Time 10:30 AM

[PROPOSED] JUDGMENT ON MOTION FOR SUMMARY JUDGMENT

On December 27, 2017, plaintiff James Zarian (hereinafter also "Plaintiff"), filed the instant action against Defendants, in relation to Raul's Auto Service, located at 217 Avocado Street, Costa Mesa, CA 92627, asserting claims for injunctive relief under the Americans With Disabilities Act.

Raul's Auto Service is located in a commercial property, in Costa Mesa. The property has a narrow driveway, a motorcycle repair shop, followed by Raul's Auto Service. At the end of the driveway there is an outdoor service yard, packed with vehicles being repaired by Raul's Auto Service. The service yard also contains an automobile lift. The plaintiff alleges he visited the site (no specific date is noted in the Complaint), and was deterred from patronizing, because of the absence of an accessible parking space.

Defendants maintain that an accessible parking space at the property is not readily achievable because: (a) the Americans with Disabilities Act Architectural Guidelines, and the California Building Code, do not mandate one; (b) the city of Costa Mesa will not allow one, and (c) the dimensional constraints of the property do not allow one.

The parties filed Cross-Motions for Summary Judgment, one filed by Plaintiff James Zarian (Pl.'s MSJ, Doc. 38-1) and the other filed by Defendants Steven Legere, Kim Legere, and Raul Valle (Defs.' MSJ, Doc. 39-1). The parties opposed

each other's Motions (Opp'n to Pl.'s MSJ, Doc. 48; Opp'n to Defs.' MSJ, Doc. 45) and filed Replies (Reply ISO Pl.'s MSJ, Doc. 49; Reply ISO Defs.' MSJ, Doc. 50).

The Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act ("Unruh Act") claim and dismissed that claim without prejudice. (*See* Order Declining Suppl. Jurisdiction, Doc. 42.) The Court rules on Plaintiff's Americans with Disabilities Act ("ADA") claim.

For the following reasons, the Court DENIES Plaintiff's Motion and GRANTS Defendants' Motion.

**I. DISCUSSION: STANDING**

To have Article III standing, a plaintiff must "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); then citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000)).

In order to establish an injury in fact, a plaintiff must show that she suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560).

"The party invoking federal jurisdiction bears the burden of establishing these elements" and "each element must be supported in the same way as any other

matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]" *Id.* "In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Id.* (internal quotation marks omitted).

Here, Plaintiff failed to set forth evidence sufficient to support standing because he filed only an unsigned declaration regarding the crucial facts that would support standing. (*See* Doc. 38-5 at 3.) An unsigned declaration is of no effect; it is certainly not evidence. Consequently, Plaintiff has not discharged his burden of establishing that he has suffered an injury in fact and/or that he is faced with an imminent threat of injury. *See Lujan*, 504 U.S. at 561. Thus, on this record, Plaintiff does not have standing.

Accordingly, Plaintiff's Motion for Summary Judgment is DENIED, and Defendants' Motion for Summary Judgment is GRANTED.

**DENIED** Dated: _____

BY ORDER OF THE COURT
_____
Hon. JOSEPHINE L. STATON United States District Court